liSEXTON, Judge.
A prison inmate, Rodney Revere, appeals the denial of a writ of mandamus filed in district court ordering the clerk of court to provide the inmate with copies of documents which would indicate the name and race of all grand jury foremen for the Eighth Judicial District Court during the period from 1980 to 1990 and copies of the minutes, transcript, and order from a hearing held on April 21, 1993 in the case of Jessie Mills v. Terry Reeves, et al, No. 31739. We reverse and remand the case to district court for further proceedings in accordance with this opinion.
Appellant is an inmate at the Louisiana State Penitentiary at Angola, Louisiana. On June 28, 1993, he sent a letter to the clerk of court for the Eighth Judicial District Court in Winn Parish requesting the clerk, Donald E. Kelly, to provide him with documents which would have the names and races of the grand jury foremen for the Eighth Judicial District during the period from 1980 to 1990. On July 7,1993, appellant sent another letter to Mr. Kelly requesting the minutes, transcript and order of the court in reference to a hearing held on April 21, 1993 in the case of Jessie Mills v. Terry Reeves, et al, No. 31739. On July 12, 1993 appellant sent a follow-up letter regarding the two previous letters and their content. That same day, appellant sent a letter to the district attorney of Winn Parish referencing the alleged violation of public record law by Mr. Kelly in failing to respond to his request.
On July 15, 1993, Mr. Kelly responded to Mr. Revere’s letters. In his letter of that date, Mr. Kelly told the appellant that he had sent his request to the district judge for approval. Mr. Kelly also informed appellant that the cost of the copies would be $.25 per *256 page, $2.25 for each certification, and that an hourly fee will be charged for the considerable research required to comply with the request. The clerk of court stated that cost of the court minutes regarding the Mills case would-be $3.25, but the transcript and order had not been filed. No copies would be sent without prior payment and an order signed by the district judge.
On July 24, 1993, appellant sent the clerk of court a final letter enclosing a copy of an “APPLICATION FOR WRIT OF MANDAMUS/RULE TO show cause” which was subsequently filed on July 29, 1993. Mr. Revere informed Mr. Kelly he was still willing to reach an amicable solution, but now requested expenses.
Plaintiffs petition for writ of mandamus requested that the court order the clerk of court to comply with La.R.S. 44:1 et seq., and that the clerk either provide the copies requested or an estimate of the costs. (The clerk of court’s letter merely stated the cost of each page, but not how many pages or how much the cost of the research would be.) Appellant submitted an order with the petition for writ of mandamus. This order sought to have the clerk of court ordered to show cause why the relief requested by the plaintiff should not be granted.
On August 4, 1993, the district judge simply wrote “denied” across the submitted order and signed and dated the document. Appellant subsequently applied for supervisory writs to this court. Because the denial of the writ of mandamus was a final judgment reviewable by ordinary appeal, plaintiffs supervisory writ application was denied. Nevertheless, appellant’s request to set a return date was considered to be equivalent to a motion for an appeal, and the trial court’s order setting a return date was considered to be the grant of a devolutive appeal.
On appeal, Mr. Revere alleges that the trial court abused its discretion in failing to conduct a contradictory hearing before denying his writ of mandamus. We agree. La. R.S. 44:35 provides that any person denied access to the public records or a copy thereof may institute proceedings for the issuance of a writ of mandamus. The court is then required to conduct a contradictory hearing before l8ruling. LSA-R.S. 44:35; LSA-C.C.P. Arts. 3865 and 3866; Revere v. Layrisson, 593 So.2d 397 (La.App. 1st Cir.1991).
The judgment of the trial court is therefore reversed and this matter is remanded to the trial court for further proceedings consistent herewith. Costs in this court in the amount of One Hundred Thirteen and 50/100 Dollars ($113.50) are assessed against the defendant.
REVERSED AND REMANDED.