751 So.2d 888 (1999)
Stephen G. BAUGH, Sandy S. Baugh, Brandon S. Baugh, and Summer L. Baugh
v.
Gail Horne RAY, Audubon Insurance Company, Nelson D. Taylor, Sr., and ABC Insurance Company
No. 97 CA 2625.
Court of Appeal of Louisiana, First Circuit.
May 5, 1999.
Before: CARTER, C.J., SHORTESS, and WHIPPLE, JJ.
PER CURIAM.

ON APPLICATION FOR REHEARING
The parties' Joint Application for Rehearing is granted. In the interest of judicial economy, we hereby permit the record to be supplemented with the Audubon insurance policy and consider whether summary judgment in plaintiffs' favor was properly granted.
Plaintiffs moved for summary judgment on the ground that an endorsement to the policy limiting the insurer's liability coverage if liability was due to statutorily-imposed vicarious parental liability was against public policy. The trial court found the language of the endorsement was clear and unambiguous but that it was unfair to the insured and contrary to public policy for this insurer to reduce coverage without specifically telling the insured of the reduction of coverage.
Insureds and insurers are free to contract and limit their liability through exclusions as long as the exclusions do not violate statutory mandates or public policy.[1] The law does not mandate insurance coverage for vicarious liability arising from the acts of one's children, and there is no *889 state law or public policy prohibiting a lower limit for parental vicarious liability. We find, however, that there are genuine issues of material fact herein regarding the insured's knowledge of this provision or lack thereof which may affect a determination of whether the endorsement was valid under the particular facts and circumstances of this case.
For this reason, we find that summary judgment in plaintiffs' favor was improvidently granted and affirm our original opinion reversing and remanding this case for further proceedings.
ORIGINAL OPINION REVERSING AND REMANDING THIS CASE FOR FURTHER PROCEEDINGS AFFIRMED.
SHORTESS, J., Specially Concurring.
I would not have granted rehearing in this matter. The court of appeal may not consider evidence that was not introduced in the trial court, and this court has recognized we have no jurisdiction to review new evidence contained in an affidavit attached to an application for rehearing.[1] Furthermore, as a court of review, we do not receive evidence not introduced in the court below.[2] The parties may have intended to introduce the policy in the trial court, but they failed to do so. The rules of procedure should not be subverted in the name of judicial economy.
NOTES
[1] Hearty v. Harris, 574 So.2d 1234, 1239 (La.1991).
[1] Fred H. Moran Constr. Corp. v. Elnaggar, 441 So.2d 260 (La.App. 1st Cir.1983).
[2] Houston General Ins. Co. v. Commercial Union Ins. Co., 94-039, 649 So.2d 776 (La.App. 1st Cir.1994).