815 So.2d 178 (2002)
ANR PIPELINE COMPANY
v.
LOUISIANA TAX COMMISSION, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russel R. Gaspard, Member of the Louisiana Tax Commission.
Tennessee Gas Pipeline Company
v.
Louisiana Tax Commission, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russel R. Gaspard, Member of the Louisiana Tax Commission.
UT Offshore Systems, L.L.C.
v.
Louisiana Tax Commission, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russel R. Gaspard, Member of the Louisiana Tax Commission.
Stingray Pipeline Company, L.L.C.
v.
Louisiana Tax Commission, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russel R. Gaspard, Member of the Louisiana Tax Commission.
ANR Pipeline Company
v.
Louisiana Tax Commission, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russel R. Gaspard, Member of the Louisiana Tax Commission.
Southern Natural Gas Company
v.
Louisiana Tax Commission, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russel R. Gaspard, Member of the Louisiana Tax Commission.
ANR Pipeline Company, Stingray Pipeline Company, L.L.C., UT Offshore System, L.L.C., Tennessee Gas Pipeline Company, and Southern Natural Gas Company
v.
Louisiana Tax Commission, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russel R. Gaspard, Member of the Louisiana Tax Commission
Nos. 2001 CA 2594 to 2001 CA 2600.
Court of Appeal of Louisiana, First Circuit.
March 20, 2002.
Rehearing Denied April 26, 2002.
*181 Hilton S. Bell, Angela W. Adolph, New Orleans, Laurence E. Garrett, Colorado Springs, CO, Counsel for Plaintiffs/Appellants, ANR Pipeline Company, Stingray Pipeline Company, L.L.C., UT Offshore Systems, L.L.C., Tennessee Gas Pipeline Company and Southern Natural Gas Company.
Brian A. Eddington, Theodore L. (Ted) Jones, Baton Rouge, Counsel for Defendants/Appellees, Louisiana Tax Commission, Malcolm B. Price, Jr., Kenneth P. Naquin, Jr., and Russel R. Gaspard.
Before: GONZALES, FITZSIMMONS, and LANIER,[1] JJ.
GONZALES, J.
Five interstate pipeline companies brought seven suits relating to ad valorem taxes paid under protest. In the first suit, ANR Pipeline Company sought judicial review of the final determination of the Louisiana Tax Commission's assessed valuation of its public service properties, other than land, for 1994 through 1999, and a declaratory judgment that Louisiana Revised Statute 47:1851(K) is unconstitutional.[2] The district court dismissed ANR's claims for 1994 through 1998 as prescribed because ANR did not file suit directly in district court within 30 days of payment of taxes under protest pursuant to Louisiana Revised Statute 47:2110. ANR appealed to this court, and we reversed, holding that the claim of a taxpayer for recovery of taxes paid under protest does not prescribe while the taxpayer exhausts administrative *182 remedies under Revised Statute 47:1856. ANR Pipeline Co. v. Louisiana Tax Comm'n, 00-2251 (La.App. 1 Cir. 12/22/00), 774 So.2d 1261 (ANR I).
ANR and four other interstate pipeline companies, Tennessee Gas Pipeline Company; Stingray Pipeline Company, L.L.C.; Southern Natural Gas Company; and UT Offshore System, L.L.C. (plaintiffs), later filed individual suits in district court within 30 days of making payment under protest for tax year 2000, without waiting for a final adjudication from the Louisiana Tax Commission ("the Commission").[3] Those virtually identical suits sought declaratory judgments that Revised Statute 47:1851(K) and the actions of the defendants in administration thereof have violated the equal protection and due process clauses of the Louisiana and United States Constitutions, the uniformity requirement of the Louisiana Constitution, and the Commerce Clause of the United States Constitution. They also sought to have the assessed valuation for the year 2000 declared null and void, to have the property re-assessed at no more than 15% of the fair market value, and to have the taxes paid under protest returned to them. The five pipeline companies also filed a joint suit entitled "Application for Writ of Mandamus, Writ of Prohibition and for Exercise of Supervisory Jurisdiction," in which they sought to prevent the Commission from hearing the constitutional issues and to transfer those matters to the Nineteenth Judicial District Court.
In response to those suits, defendants filed a plethora of exceptions raising, inter alia, the objections of no cause of action and prematurity. The seven cases were consolidated "for further proceedings." The district court held a hearing on all exceptions and motions filed in the seven suits and on the merits of the suit for writs of mandamus and prohibition and exercise of supervisory jurisdiction. In a single judgment on all seven suits, the court: (1) overruled the peremptory exception raising the objection of no cause of action as to ANR's suit on the 1994 to 1999 tax payments; (2) denied the writ applications; (3) refused to exercise its supervisory jurisdiction; (4) sustained the dilatory and peremptory exceptions raising the objections of prematurity and no cause of action as to the five suits relative to 2000 tax payments; and (5) dismissed without prejudice all of the suits except ANR's original suit on the 1994 to 1999 tax payments.[4] All five pipeline companies appealed the judgment, in seven separate appeals that were consolidated by this court.

MOTION TO DISMISS APPEAL
Defendants moved to dismiss these appeals, contending the judgment *183 was not final as to all parties and that the district court had not certified the judgment as final pursuant to Louisiana Code of Civil Procedure article 1915(B). While only one document labeled "Judgment" was prepared in these cases, a copy of that document was filed in each of the seven suit records. Each represents an individual judgment as to that particular case. Procedural rights peculiar to one case are not rendered applicable to a companion case by the mere fact of consolidation; each case must stand on its own merits. Howard v. Hercules-Gallion Co., 417 So.2d 508, 511 (La.App. 1 Cir.1982). As to six of those suits, the judgments dismiss the cases in their entirety and thereby constitute final judgments that require no certification. We deny the motion to dismiss as to docket numbers 2001 CA 2595, 2001 CA 2596, 2001 CA 2597, 2001 CA 2598, 2001 CA 2599, and 2001 CA 2600.
The seventh judgment, however, in docket number 2001 CA 2594, is not a final judgment. The district court ruled on only two issues in that suitit overruled defendants' peremptory exception raising the objection of no cause of action, and it ordered ANR to submit its formal application for leave to submit additional evidence by a certain date. That judgment is not appealable because those rulings are interlocutory. Thus, we must grant the motion to dismiss as to docket number 2001 CA 2594.

PLAINTIFFS' REQUEST FOR SANCTIONS UNDER LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 863
In their memorandum in opposition to defendants' motion to dismiss the appeal, plaintiffs assert defendants filed the motion to dismiss for improper purpose and without a good faith belief that there were grounds to support it. Plaintiffs ask for sanctions under Louisiana Code of Civil Procedure article 863. That article authorizes a court to impose sanctions upon an attorney who signs pleadings without making an objectively reasonable inquiry into the facts and law. The penalties provided for in article 863 "shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." La. C.C.P. art. 863(E). The Louisiana Supreme Court in Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993), stated that the ability to impose sanctions under article 863 is limited to the district court by the plain language of the article. We cannot address on appeal a request for sanctions arising from a memorandum filed in the appellate court. See McDonald v. Age, 00-1938, pp. 4-5 (La.App. 1 Cir. 11/9/01), 815 So.2d 181-182; Cormier v. Roberson, 96-1107, p. 7 (La.App. 1 Cir. 3/27/97), 691 So.2d 807, 810.

CAN AN APPELLATE COURT DIVEST THE DISTRICT COURT OF ORIGINAL JURISDICTION?
Defendants have misinterpreted ANR I, stating in their appellate brief that "this Court has ruled [in ANR I ] that the Tax Commission has original jurisdiction over ANR's constitutional challenges." Original jurisdiction is the power to take cognizance of a cause at its inception, try it, and pass judgment upon the law and facts. Pope v. State, 99-2559, p. 9 (La.6/29/01), 792 So.2d 713, 718. Except for certain constitutionally provided exceptions, original jurisdiction of all civil and criminal matters is vested in the district court. La. Const. Art. V, § 16(A).
It has long been the law of this land that it "is emphatically the province and duty of the judicial department to say what the law is." Marbury v. Madison, 5 *184 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). The judicial power is vested in Louisiana courts by Article V, Section 1 of the Louisiana Constitution. The separation of powers doctrine is set forth in Article II, Section 2 of the Louisiana Constitution: "Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others." Thus, unless authorized by the Constitution, the executive branch cannot exercise judicial power. The Commission is part of the Department of Revenue of the executive branch of state government. La. R.S. 36:459(D). See also La. Const. Art. IV, § 1(B) and Art. VII, § 18(D); La. R.S. 36:4 A(9) & 47:1834, et seq.
Some administrative agencies of the executive branch exercise powers similar to those exercised by all three branches of state government. While agencies have rulemaking authority that shadows the powers of the legislature, they do not have the power to make law. La. C.C. arts. 1 & 2; Albe v. Louisiana Workers' Compensation Corp., 97-0581, p.8 (La.10/21/97), 700 So.2d 824, 828. Hearings and determinations by administrative agencies are often described as quasi-judicial, for, like the courts, these bodies adjudicate important rights. Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). The adjudicative and fact-finding powers exercised by these agencies mimic those exercised by courts, but the agencies are not authorized to exercise "judicial power" under Art. 5, § 1. Albe, 97-0581, p. 8, 700 So.2d at 828.
In Pope v. State, the Louisiana Supreme Court made it clear that the legislative branch cannot confer judicial power on an administrative agency. The court stated that since the Louisiana Constitution fixes the original jurisdiction of the district courts, original jurisdiction cannot be changed by legislative act. Pope, 99-2559, p. 11, 792 So.2d at 719. A fortiori, an appellate court is powerless to divest a district court of original jurisdiction by conferring that jurisdiction on an administrative agency.
An administrative agency in Louisiana has only as much jurisdiction as authorized by the Louisiana Constitution or a law enacted pursuant to its authority. See Albe, 97-0581 at p. 6, 700 So.2d at 827. Jurisprudence nationwide, both state and federal, has consistently held that administrative agencies do not have the authority to determine questions of constitutionality. Albe, 97-0581 at pp. 6-7, 700 So.2d at 827-828. In ANR I, we could not and did not direct the Commission to render a decision on the constitutionality of Revised Statute 47:1851(K). We simply held that when the taxpayer follows the strictures of Revised Statute 47:1856(D) that require it to await a final determination of the Commission, its constitutional claim does not prescribe.

WERE THE DECLARATORY JUDGMENT ACTIONS FILED PREMATURELY?
In the instant case, the interstate pipeline companies chose to pay their taxes under protest and then petition for declaratory judgment on the constitutional issue in the district court. Louisiana Code of Civil Procedure article 1871 authorizes the judicial declaration of "rights, status, and other legal relations whether or not further relief is or could be claimed." Article 1872 provides that an interested person whose rights, status or other legal relations are affected by a statute may have determined any question of construction or validity arising under that statute and obtain a declaration of rights, status, or other legal relations thereunder. The distinction between a declaratory judgment and a conventional judgment is explained in *185 the Official Revision Comments for article 1871, as follows:
The conventional type of judgment embodies two elements: (1) an ascertainment or declaration of the rights of the parties (usually implied); and (2) a specific award of relief. The declaratory judgment embodies only the first element which, of course, is always express. There is actually no such thing as a declaratory action, even if the sole relief prayed for is a declaratory judgment. The action is identical, regardless of whether greater or lesser relief is prayed for; the difference is only as to the type of judgment to be rendered.
The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. Watts v. Aetna Casualty & Sur. Co., 574 So.2d 364, 372 (La.App. 1 Cir.), writ denied, 568 So.2d 1089 (La.1990); State v. Sugarland Ventures, Inc., 476 So.2d 970, 974 (La.App. 1 Cir.), writ denied, 478 So.2d 909 (La.1985). The jurisprudence, however, has restricted the application of the declaratory judgment articles. The courts will act only in cases of a present, justiciable controversy and will not render merely advisory opinions. Church Point Wholesale Beverage Co. v. Tarver, 614 So.2d 697, 701 (La.1993).
In these cases, plaintiffs paid their taxes under protest and thus presented actual, justiciable controversies to the district court in their declaratory judgment actions. The administrative procedures set forth in Revised Statute 47:1856 require that plaintiffs obtain a final adjudication by the Commission as to "all objections," whether contesting correctness or legality, before seeking judicial review in the district court. In ANR I, we noted in dicta that ANR's challenge was one of correctness, citing the language of Triangle Marine, Inc. v. Savoie, 95-2873, p. 5 (La.10/15/96), 681 So.2d 937, 940, that "correctness" encompasses "the uniformity and equality of taxation required by law." The Commission, however, cannot rule on an objection to correctness based on lack of uniformity and equality under the Louisiana and United States Constitutions, which are the prius of all Louisiana legislation. See La. C.C. art. 1, Official Revision Comment (d). Thus, it would be futile and wasteful to require these taxpayers to obtain a "final adjudication" from the Commission when the only issue remaining is the constitutionality of Revised Statute 47:1851(K), an issue the Commission lacks jurisdiction to decide. Cf. Weinberger v. Salfi, 422 U.S. 749, 765-766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975).
Access to the courts (judicial branch) is generally provided for in Louisiana Constitution Article I, Section 22. Access to the courts for matters over which the Commission has jurisdiction (in the executive branch) is specifically provided for in Revised Statute 47:1856(D). The Code of Civil Procedure may provide other remedies in matters over which the Commission does not have exclusive jurisdiction (like the constitutionality of a statute). For many years prior to the administrative remedies now provided by statute, the traditional methods for challenging governmental action were the injunction, the mandamus, or the declaratory judgment. See, e.g., Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980).
Although Revised Statute 47:1856 requires the Commission to adjudicate "all objections," this cannot mean that the Commission can adjudicate issues involving the constitutionality of a law. When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one that renders part thereof ridiculous and nugatory. Bunch v. Town of St. Francisville, 446 So.2d 1357, *186 1360 (La.App. 1 Cir.1984). In this case, the interpretation that gives the statute practical effect is that all objections that the Commission has jurisdiction to decide must be presented to the Commission; the legal determination of constitutional issues must be reserved to the district court, which has original jurisdiction over those matters.
In ANR I, we held that a taxpayer who chooses to follow the administrative procedures prescribed by Revised Statute 47:1856 does not lose its right to ask the district court for a declaratory judgment on constitutional issues after final adjudication by the Commission. We now hold that a taxpayer who pays his taxes under protest, thereby creating a justiciable controversy, may choose to ask the district court for a declaratory judgment on constitutional issues without waiting for a final adjudication by the Commission. We reverse the judgment of the district court sustaining the dilatory and peremptory exceptions raising the objections of prematurity and no cause of action and remand the suits docketed as numbers 2001 CA 2595, 2001 CA 2596, 2001 CA 2597, 2001 CA 2598, and 2001 CA 2599 to the district court for further proceedings consistent with this opinion.

SHOULD THE DISTRICT COURT HAVE GRANTED THE APPLICATION FOR WRITS OF MANDAMUS AND PROHIBITION AND EXERCISE OF SUPERVISORY JURISDICTION?
Plaintiffs contend the district court erred in the appeal docketed as number 2001 CA 2600 by denying their application for writs of mandamus and prohibition and refusing to exercise supervisory jurisdiction.[5] The application for writ of prohibition sought to prevent the Commission from holding hearings on the constitutional issues on July 17, 2001. As that date has now passed, that issue is moot. We must, however, address the issues of the application for writ of mandamus and the request for exercise of supervisory jurisdiction.
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. art. 3863. A writ of mandamus may be issued when the law provides no relief by ordinary means or when the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. art. 3862; State ex rel. Neighborhood Action Committee v. Edwards, 94-0630, p.3 (La.App. 1 Cir. 3/3/95), 652 So.2d 698, 700. It is an extraordinary remedy that must be used sparingly by the court only to compel action that is clearly provided by law. Id.; Allen v. St. Tammany Parish Police Jury, 96-0938, p.4 (La.App. 1 Cir. 2/14/97), 690 So.2d 150, 153, writ denied, 97-0599 (La.4/18/97), 692 So.2d 455.
Plaintiffs contend the Commission is required by law to transfer their constitutional claims to the district court. Plaintiffs cite no law, however, in support of this assertion, nor have we found any. While the Commission has no jurisdiction to *187 decide the constitutional claims, it may issue a final adjudication without ruling on those claims, as it did in ANR I. The district court correctly denied the application for writ of mandamus.
Supervisory writs may be applied for and granted in accordance with the Louisiana Constitution and the rules of courts exercising appellate jurisdiction. La. C.C.P. art. 2201. A district court exercises appellate jurisdiction over the Commission when it conducts a judicial review after the agency's final decision pursuant to Revised Statute 49:964(B). In this case, however, plaintiffs were asking the district court to exercise supervisory jurisdiction in the declaratory judgment actions arising from the protests of the 2000 taxes, in which it was exercising original jurisdiction. As the district court was not exercising appellate jurisdiction in those cases, it could not exercise supervisory jurisdiction. See Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 01-0185, p. 10 (La.10/16/01), 797 So.2d 656, 662-63. Thus, the district court was correct in denying plaintiffs' request for it to exercise supervisory jurisdiction.

STAY OF TAX COMMISSION PROCEEDINGS
In order to ensure justice, prevent the waste of judicial resources, and ensure that our efforts to clarify the law in this difficult area are not thwarted, we hereby ex proprio motu order that all proceedings before the Louisiana Tax Commission in the matters docketed herein as appeal numbers 2001 CA 2595, 2001 CA 2596, 2001 CA 2597, 2001 CA 2958, and 2001 CA 2959 be stayed until a final ruling is issued by the district court on the constitutionality of Louisiana Revised Statute 47:1851(K).

CONCLUSION
Because seven separate appeals are involved here, we shall list the conclusions and decrees in each case separately.

2001 CA 2594 ANR PIPELINE COMPANY v. LOUISIANA TAX COMMISSION, ET AL.
Defendants' motion to dismiss the appeal is granted at plaintiffs' cost.
MOTION TO DISMISS GRANTED; APPEAL DISMISSED.

2001 CA 2595 TENNESSEE GAS PIPELINE COMPANY v. LOUISIANA TAX COMMISSION, ET AL.
Defendants' motion to dismiss is denied. The judgment of the district court sustaining the dilatory and peremptory exceptions raising the objections of prematurity and no cause of action is reversed, and this matter is remanded to the district court for further proceedings. Costs of appeal of $1,274.28 are assessed to defendants.
MOTION TO DISMISS DENIED; PROCEEDINGS BEFORE LOUISIANA TAX COMMISSION STAYED; REVERSED AND REMANDED.

2001 CA 2596 UT OFFSHORE SYSTEMS, L.L.C. v. LOUISIANA TAX COMMISSION, ET AL.
Defendants' motion to dismiss is denied. The judgment of the district court sustaining the dilatory and peremptory exceptions raising the objections of prematurity and no cause of action is reversed, and this matter is remanded to the district court for further proceedings. Costs of appeal of $749.73 are assessed to defendants.
MOTION TO DISMISS DENIED; PROCEEDINGS BEFORE LOUISIANA *188 TAX COMMISSION STAYED; REVERSED AND REMANDED.

2001 CA 2597 STINGRAY PIPELINE COMPANY, L.L.C. v. LOUISIANA TAX COMMISSION, ET AL.
Defendants' motion to dismiss is denied. The judgment of the district court sustaining the dilatory and peremptory exceptions raising the objections of prematurity and no cause of action is reversed, and this matter is remanded to the district court for further proceedings. Costs of appeal of $755.96 are assessed to defendants.
MOTION TO DISMISS DENIED; PROCEEDINGS BEFORE LOUISIANA TAX COMMISSION STAYED; REVERSED AND REMANDED.

2001 CA 2598 ANR PIPELINE COMPANY v. LOUISIANA TAX COMMISSION, ET AL.
Defendants' motion to dismiss is denied. The judgment of the district court sustaining the dilatory and peremptory exceptions raising the objections of prematurity and no cause of action is reversed, and this matter is remanded to the district court for further proceedings. Costs of appeal of $1,644.57 are assessed to defendants.
MOTION TO DISMISS DENIED; PROCEEDINGS BEFORE LOUISIANA TAX COMMISSION STAYED; REVERSED AND REMANDED.

2001 CA 2599 SOUTHERN NATURAL GAS COMPANY v. LOUISIANA TAX COMMISSION, ET AL.
Defendants' motion to dismiss is denied. The judgment of the district court sustaining the dilatory and peremptory exceptions raising the objections of prematurity and no cause of action is reversed, and this matter is remanded to the district court for further proceedings. Costs of appeal of $1,585.06 are assessed to defendants.
MOTION TO DISMISS DENIED; PROCEEDINGS BEFORE LOUISIANA TAX COMMISSION STAYED; REVERSED AND REMANDED.

2001 CA 2600 ANR PIPELINE COMPANY, ET AL. v. LOUISIANA TAX COMMISSION, ET AL.
Defendants' motion to dismiss is denied. The judgment of the district court denying plaintiffs' application for writs of mandamus and prohibition and application for exercise of supervisory jurisdiction and dismissing this lawsuit is affirmed at plaintiffs' cost.
MOTION TO DISMISS DENIED. AFFIRMED.
NOTES
[1] Judge Walter I. Lanier, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Named as defendants in all seven suits were the Louisiana Tax Commission, Malcolm B. Price, Jr., Chairman of the Commission, and the other two members of the Commission, Kenneth P. Naquin, Jr., and Russel R. Gaspard. They shall be referred to collectively herein as "defendants."
[3] Louisiana Revised Statute 47:2110 provides that any person resisting payment of any amount of tax due shall pay the taxes under protest and shall give the assessor and the Commission written notice of intention to file suit for recovery of the tax. The taxes paid are segregated for 30 days. If suit is filed during those 30 days contesting the correctness of the assessment, the portion of the taxes that are in dispute are deemed "paid under protest" and those taxes remain segregated pending the outcome of the suit. In ANR I, we stated that this statute applied only to suits challenging ad valorem taxes on non-public service properties, not suits challenging taxes on public service properties because of language in Section D. 00-2251, pp. 4-5, 774 So.2d at 1264. In 2000, the legislature amended Sections A(2) and E to include references to Revised Statutes 47:1856, 1857, and 1998, which deal with appeals by public service properties. Acts 2000, 1st Ex.Sess., No. 74, eff. 4/17/200. We assume the taxpayers filed their declaratory judgment actions within 30 days of payment out of an abundance of caution in light of these amendments.
[4] The court made several other rulings that are not pertinent to this appeal.
[5] Appeal of an application for writ of mandamus is a final judgment reviewable by ordinary appeal. See Revere v. Kelley, 26,073, p. 2 (La.App. 2 Cir. 9/21/94), 643 So.2d 255, 256. The denial of the writ of prohibition and refusal to exercise supervisory jurisdiction are interlocutory matters, which generally are not appealable. When an unrestricted appeal is taken from a final judgment, however, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment appealed from. See Carville v. City of Plaquemine, 303 So.2d 289, 290 (La.App. 1 Cir.1973).