_J¿F0IL, J.
Appellants are five interstate pipeline companies who paid their 2001 ad valorem taxes under protest, and filed timely protests of the assessed valuation with the Louisiana Tax Commission, alleging that the assessment of their property at 25 percent of its fair market value was unconstitutional. Specifically, they asserted that La. R.S. 47:1851K, which provides for the 25 percent assessment for pipeline companies engaged in interstate transportation of natural gas, violates various provisions of the United States Constitution, including the Commerce Clause, the Due Process Clause and the Equal Protection Clause, as well as the uniformity provision of the Louisiana Constitution. The constitutional problem lies in the fact, they claimed, that interstate pipeline companies’ properties are assessed at a higher rate than are companies engaged solely in intrastate transportation.
Without awaiting a final determination by the Tax Commission, appellants filed suit in the 19th Judicial District Court seeking a declaratory judgment that La. R.S. 47:1851K is unconstitutional, along with a refund of the taxes paid. Thereafter, the Commission informed appellants that it had scheduled evidentiary hearings on the constitutional claims. Appellants moved for a continuance, which was denied.
Subsequently, appellants filed a petition for a preliminary injunction and a writ of prohibition seeking to prevent the Commission from holding hearings on their 2001 tax protests on the basis that the Commission lacked subject matter jurisdiction to do so. They also asked for a writ of mandamus compelling the Commisr sion to issue a final determination of the assessed valuation so that they could proceed with the court challenge. Lastly, the taxpayers asked the court to exercise its supervisory jurisdiction over the Commission to ensure compliance with the orders of the court.
Following a hearing on February 7, 2002, the trial court denied all of the appellants’ requests. The taxpayers appealed the rulings to this court. While the appeal was pending, another panel of this court addressed ^identical issues involving the same appellants, but a different tax year, in ANR Pipeline Company v. Louisiana Tax Commission, 2001-2594 (La.App. 1 Cir. 3/20/02), 815 So.2d 178. In that case, appellants filed individual lawsuits in the 19th JDC within 30 days of making payment of their ad .valorem taxes under protest for the tax year 2000 without awaiting a final adjudication from the Commission. Appellants sought1 the same basic relief in that suit as they are seeking in the instant lawsuit, namely, a declaration that La. R.S. 47:1851K is unconstitutional, along with various writs seeking to prevent the Commission from holding hearings on the constitutional issues.
At issue in the above case was whether the action had been filed prematurely in court because the Tax Commission had not rendered a final decision before the taxpayers filed suit. This court held that a taxpayer who pays his taxes under protest may choose to. ask the district court for a declaratory judgment on constitutional issues without awaiting a final adjudication by the Commission. This court stayed all proceedings before the Tax Commission *760 pending a final ruling by the trial court on the constitutionality of La. R.S. 47:1851K.
In accordance with the above, we too order, ex proprio motu, that all proceedings before the Louisiana Tax Commission in the matter docketed herein as appeal number 2002 CA 0576 be stayed until a final ruling is issued by the trial court on the constitutionality of La. R.S. 47:1851K.
The stay of the proceedings before the Tax Commission obviates any need to address the appellants’ requests to prevent the Commission from holding hearings or require the Commission to issue a final ruling. Accordingly, we pretermit discussion of the issues raised in this appeal, and remand the case to the trial court to conduct proceedings consistent with this opinion. All costs of this appeal are assessed to the Louisiana Tax Commission in the amount of $1,151.12.
REMANDED WITH ORDER.