^FITZSIMMONS, J.
This consolidated case has been remanded from the Louisiana Supreme Court to address the issues presented by the Louisiana Tax Commission’s (LTC) exception raising the objection of no cause of action.

JURISPRUDENTIAL DEVELOPMENT

Five interstate pipeline companies, ANR Pipeline Company, Tennessee Gas Pipeline Company; Stingray Pipeline Company, L.L.C.; Southern Natural Gas Company; and UT Offshore System, L.L.C. (collectively “ANR”), filed seven individual suits in district court. The cases were consolidated. Among other actions, the district court overruled the peremptory exception raising the objection of no cause of action as to ANR’s suit on the 1994 to 1999 tax payments. The district court sustained the dilatory exception raising the objection of prematurity and the peremptory exception raising the objection of no cause of action in five suits relative to 2000 tax payments made under protest.[1] Finally, the court sustained LTC’s exception raising the objection of no cause of action relative to the plaintiffs’ requests for declaratory judgment that La. R.S. 47:1856K and the actions by the LTC violated the precepts of equal protection, Article VII, section 18 of the Louisiana Constitution, and the commerce clause of the United States Constitution.
Following an appeal to the Louisiana First Circuit Court of Appeal, we determined that “a taxpayer who pays his taxes under protest, thereby creating a justicia-ble controversy, may choose to ask the district court for a declaratory judgment on constitutional issues without waiting for a final adjudication by the Commission.” ANR Pipeline Company v. Louisiana Tax Commission, 2001-2594, 2001-2595, 2001-2599, 2001-2597, 2001-2598, 2001-2596, p. 10 (La.App. 1 Cir. 3/20/02), 815 So.2d 178, 186, writ granted, 2002-1479 (La.3/21/03), *953 840 So.2d 527 (affirmed and remanded).[2] Thereafter, the portion of the judgment of the district court, that had sustained the exceptions raising the objection of prematurity and no cause of action in five of the seven suits, was reversed in each case to which it applied. Id.[3]
The Louisiana Supreme Court held that the first circuit properly reversed the exception of prematurity. However, the high court additionally noted that the court of appeal “failed to address the issues presented by the LTC’s exception of no cause of action, which was also granted by the trial court.” The case was, thereupon, remanded to this court for consideration of the LTC’s exception of no cause of action. The district court granted the LTC’s exception based on the objection of no cause of action for the request for declaratory judgment on the basis that until there was a final determination by the LTC, no cause of action could arise. In the initial decision, this court provided reasons for the reversal of the grant of exception of no cause of action relative to the constitutional claims. Accordingly, we respectfully infer that the directive from the supreme court entails the issues surrounding our reversal of the district court’s grant of exception of no cause of action relative to the viability of an action against the LTC for the recovery of taxes.

\ DISCUSSION

An exception of no cause of action poses the question of whether the law affords a remedy against the defendant under the facts alleged by the appellants. Industrial Companies, Inc. v. Durbin, 2002-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. The exception is triable on the face of the pleading that it opposes, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Id. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal should subject the case to de novo review because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. Cleco Corporation v. Johnson, 2001-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304. Every reasonable interpretation must be accorded in favor of upholding the adequacy of the petition and the opportunity for the plaintiff to present evidence at trial. Industrial Companies, 2002-0665, at p. 7, 837 So.2d at 1213.
*954 In the case at hand, the LTC asserted that it did not possess the statutory authority to order a non-party tax collector to refund any purported taxes; therefore, ANR asseverated that no viable cause of action had been asserted against the LTC. Stated alternatively, the LTC argued that the tax collectors were necessary party defendants against whom such a cause of action could be maintained, and in the absence of their presence as named defendants, any judgment would only constitute a prohibited advisory opinion. See Women’s Health Clinic v. State, 2002-1208, 2002-0016, pp. 4-5 (La.App. 1 Cir. 5/10/02), 825 So.2d 1208, 1211, writ denied, 2002-2002 (La.11/1/02), 828 So.2d 586.
The LTC is statutorily empowered with the duty and responsibility to “measure the level of appraisals or assessments and the degree of uniformity of assessments for each major class and type of property in each parish throughout the state.” La. R.S. 47:1837 B(l). Article 47:1837 B(l) further provides that following |7a public hearing on complaints, if an appraisal deviates “by more than ten percent from the percentage of fair market value or use valuations as required by Article VII, Section 18 of the Constitution of Louisiana and the laws of this state affecting property taxation, the tax commission shall order the assessor ... to reappraise all property within the parish or district or within one or more property classifications.”
The tax protest at issue was filed pursuant to La. R.S. 47:1856, which specifically addresses the assessment of public service property. At the time of ANR’s payment under protest and its initiation of the first of the lawsuits, the provisions of La. R.S. 47:1856 D(l) stated:
Any company may institute suit pursuant to the Administrative Procedure Act (R.S.49:950 et seq.) contesting the correctness or legality of any final determination of assessed valuation for taxation by the Louisiana Tax Commission. However, to state a cause of action, the petition instituting such suit shall set forth not only the assessed valuations for taxation made by the Louisiana Tax Commission appealed from but also the assessed valuations for taxation that the company on its report made pursuant to R.S. 47:1852(A) and the factual evidence admitted at the hearing conducted pursuant to Subsection A of this Section, deems to be correct and legal and the reasons therefor.
Prior to the supplemental and amending petitions by the plaintiffs, section D was amended to state that “the petition instituting such suit shall name the Louisiana Tax Commission as defendant.”[4] ANR’s supplemental and amending petitions named the LTC as a party defendant.
Moreover, La. R.S. 47:1856 F(l)(a)(i), as amended in 2000, states:
If the assessed valuation finally determined by the court is less than the amount determined by the Louisiana Tax Commission, the company shall be entitled to a credit against future property taxes in each jurisdiction affected or a refund in cash from each jurisdiction. Such credit shall be deducted by the Louisiana Tax Commission from the assessment of the year subsequent to any final determination. If a company chooses a refund, that refund shall be paid by the tax collector of each | effected jurisdiction from current tax collections. In no event shall that refund be paid later than ninety days from the date on which the judgment is rendered and becomes final. Interest shall be credited at the minimum rate as pro *955 vided in R.S. 39:1217.1. (Emphasis added.)
ANR avers that the statutory requirement that the LTC be named as defendant does not preclude the concomitant legislative requirement to name the tax collectors for the sought after remedy of a refund. We disagree. The authority and duty to supervise and regulate the assessments of local property taxes and public service properties clearly fall under the aegis of the LTC. La. R.S. 47:1837. The LTC remains statutorily imbued with the power to ascertain uniformity or lack of uniformity with constitutional or statutory requirements for each parish in the state. La. R.S. 1837 B(l). In the absence of conformity of assessments, the LTC is mandated to order the assessor to reappraise properties. Id. Consistently, at the time of ANR’s petitions to the court, La. R.S. 47:2110 E[5] provided: “Any taxpayer in the state who has paid his taxes under protest as provided herein and who has filed suit under the provisions of R.S. 47:1856 ... shall cause to issue in said suit notice for the collection of said taxes in the parish or parishes where the property is located .... ” The LTC does not dispute that ANR properly issued said suit notices to the tax collectors in each of the individual lawsuits under review.
This suit challenged the constitutional solidity of taxation by the LTC. Given ANR’s adherence to the statutory requirements at the time that the causes of actions were asserted, this court deems the naming of the LTC as the defendant to state a cause of action and potential remedy against the LTC. For these reasons, in each of the five cases to which this discussion of the exception of no cause of action applies (i.e., suit numbers 480,159; 480,-160; 480,161; 480,163; and 480,373), we reverse the district court’s grant of the exception of no cause of action, and remand the matter to the district court for its consideration in |flconformity with this opinion. Costs associated with the remanded portion of this appeal are assessed as follows: Tennessee Gas Pipeline Company, UT Offshore Systems, L.L.C., Stingray Pipeline Company, L.L.C., ANR Pipeline Company, and Southern Gas Company shall bear one-half of the cost in the sum of $6,816.10, in equal proportions. LTC is assessed one-half of the costs in the sum of $6,816.09.
MOTION TO DISMISS DENIED; PROCEEDINGS BEFORE LOUISIANA TAX COMMISSION STAYED; REVERSED AND REMANDED.

. The district court judgment refers to plaintiffs’ request for judicial review of an initial determination of assessed value and recovery of taxes paid under protest in Suit Nos. 480,-159; 480,160; 480,161; 480,163; and 480,-373.

. ANR's amended petitions for declaratory judgment and review of the determination by the Louisiana Tax Commission of assessed valuation of the properties, collectively alleged constitutional claims based on equal protection and due process clauses of the Louisiana and United States Constitutions, the uniformity requirement of Article VII, Section 18 of the Louisiana Constitution, and the commerce clause of the United States Constitution. ANR contended that these constitutional claims fell beyond the subject matter jurisdiction of LTC and should be transferred to the district court. The trisil court’s grant of the LTC's exception of no cause of action as to the request for declaratory judgment was premised on the lack of any cause of action prior to LTC’s final determination of the assessed value of the properties under contention.

. The following two individual cases in this consolidated suit are not part of this remanded appeal: (1) The first circuit affirmed the trial court judgment denying the application for writs of mandamus and prohibition and application for exercise of supervisory jurisdiction in ANR Pipeline Company, et al. v. Louisiana Tax Commission, et al., 2001 CA 2600 (La.App. 1 Cir. 3/20/02), 815 So.2d 178.(2) This court also granted the LTC’s motion to dismiss the appeal in ANR Pipeline v. Louisiana Tax Commission, et at, 2001 CA 2594, on the basis that the trial court rulings were interlocutory and, therefore, not appeal-able

. Acts 2000, 1st Ex.Sess., No. 74, sec. 1, eff. April 17, 2000.

. Title 47, "Tax Collectors,” Part II, "Payment and Collection Procedure.”