Judge Daniel L. Dysart
|! Alice Atkinson and David Wells instituted actions for declaratory judgment and mandamus against the Harborview Homeowners Association, Inc.; Michael George, Pete Ingrassia, Lisa Schuler, as members of the Association’s board; and, Bonnie Loftis, as president of Fontaine Management Company (hereinafter “defendants” or “association”). Subsequently,' an Amended Petition for Writ of Mandamus, Declaratory Judgment and Damages was filed by Alice Atkinson and John McHugh, plaintiff/appellants (“plaintiffs”) herein.[1] On May 26, 2016, the trial court rendered summary judgment dismissing all of plaintiffs’ claims. Plaintiffs appealed, and defendants answered the appeal complaining that the award of attorney fees for plaintiffs’ successful mandamus claim was excessive.
For the reasons that follow, we affirm the judgment in part, reverse the judgment in part, and remand this matter for further proceedings.
BACKGROUND:
Initially, Atkinson and Wells sought a declaratory judgment relative to the composition and operation of the board of directors of the association. They also I ^sought a temporary restraining order to prohibit the board of directors from taking any further actions, including spending monies in the association’s account and assessing fines • against property owners, until the court appointed a special master to conduct an annual meeting, and sought *187 discovery of numerous documents allegedly held by the board of directors.
The trial court denied the request for a temporary restraining order and injunctions. Plaintiffs Atkinson and McHugh filed an amended Petition for Writ of-Mandamus, Declaratory Judgment and Damages. The writ of mandamus sought to have the association produce its membership roll for examination, to have the court declare certain board members ineligible to serve, and to declare plaintiff McHugh eligible to serve on the board. They also requested the court to invalidate all business conducted while an allegedly illegally constituted board was in place, in particular, amendments to the original bylaws. Ms. Atkinson sought damages, including attorney fees and costs.
Defendants filed exceptions including improper cumulation, unauthorized use of summary proceedings, prematurity, lack of procedural capacity and no right of action. The trial court overruled all of the exceptions as they pertained to Ms. Atkinson’s petition for writ of mandamus, and ordered defendants to produce the membership records. The court granted Ms. Atkinson’s request for attorney fees and costs, the amount to be determined at a later date.
Another judgment was rendered on August 13, 2015 granting in part a motion to compel filed by plaintiffs, awarding them limited court costs. | ..¡Additionally, the judgment indicated that defendants’ exceptions of lack of procedural capacity and no right of action were withdrawn, and the exceptions of improper cumulation and unauthorized use of summary proceedings were also withdrawn, reserving their right to object to any new summary proceedings. Defendants’ exception of prematurity was deferred pending a ruling by the court on the validity of the associations’ bylaws. Last, summary judgment was granted in part, finding that Michael George was eligible to serve on the association’s board. The. judgment denied summary judgment as to the validity of the amended bylaws, and deferred John McHugh’s request to be deemed eligible to serve on the board.
On November 19, 2015, the trial court ruled on the request for attorney fees and costs relative to the Ms. Atkinson’s writ of mandamus. The court awarded $7,822.41. Defendants asked for a new trial, which was denied ex parte on December 1, 2015. On December 31, 2015, defendants filed a Notice of Intent to Seek Supervisory Writ, and was given a return date of February 5, 2016. No writ was filed in this Court.
Defendants filed a second Motion for Summary Judgment on March-'28, 2016, seeking dismissal of all of plaintiffs’ claims arguing that no genuine issues of fact remained. The trial court rendered a judgment on May 26, 2016, ruling that, the vote of the association to amend its bylaws was valid and was retroactive to the date filed in the Orleans Parish conveyance records (12/23/13), and dismissing all Lof plaintiffs’ claims, with prejudice. All costs associated with the litigation of the motion for summary judgment were assessed to the plaintiffs.
Plaintiffs suspensively appeal the May 25, 2016 judgment. Defendants answer the appeal seeking to reverse and modify the award of attorney fees and costs awarded to plaintiffs on November 19,2015, relative to' plaintiffs’ writ of mandamus. Defendants also seek an award of attorney fees and costs associated with this' appeal, which defendants argue is frivolous.
DISCUSSION:
Plaintiffs raise two assignments of error. The first is that the trial court erred in granting summary judgment based on a finding that Michael George, a named defendant, is eligible to serve on the board of *188 the association. The second is that the trial court erred in finding that the association’s bylaws and declarations were valid and in effect as of December 23, 2013.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83; Citron v. Gentilly Carnival Club, Inc., 14-1096, p. 10 (La.App. 4 Cir. 4/15/15), 165 So.3d 304. The burden of proof on a motion for summary judgment is addressed at La. Code Civ. Proc. Art. 966 C(2). This Court has explained:
The code [La.C.C.P. art. 966(C)(2)] provides that where [as in the instant case] the party moving for summary judgment will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the adverse party’s claim, but rather to point out to the court that an absence of factual support exists Rfor one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, no genuine issue of material fact exists, and the movant is entitled to summary judgment as a matter of law.
Citron, supra, 14-1096, p. 11, 165 So.3d at 312 (citing Sullivan v. Malta Park, 14-0823, p. 8 (La.App. 4 Cir. 12/10/14), 156 So.3d 1200, 1205-06). However, the burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Bush v. Bud’s Boat Rental, LLC, 13-0989, p. 3 (La.App. 4 Cir. 2/26/14), 135 So.3d 1189, 1191.
In their second Motion for Summary Judgment, defendants submitted that all of the issues raised in plaintiffs’ Amended Petition for Mandamus, Declaratory Judgment, and Damages had been resolved, and that no genuine issues of material fact existed.
Plaintiffs did not timely oppose the motion for summary judgment, and although the trial court allowed them to argue at the hearing, it did not allow plaintiffs to file any exhibits or other evidence in opposition.[2] Plaintiffs did not object in the trial court, and do not raise this issue on appeal.
On appeal plaintiffs argue that La. R.S. 12:224 B controls who shall be eligible to serve on the board of directors. La. R.S. 12:224 B provides in pertinent part:
Subject to any limitations, restrictions, or reservations in the articles, the bylaws, or this Chapter, the affairs of the corporation shall be managed by a board of directors of | finot less than three natural persons, except that if there are fewer than three members, there need be only as many directors as there are members.
Plaintiffs' argue that because Michael George’s company, George Properties, LLC, owns a unit(s) at Harborview, and not himself individually, he cannot serve on the board.
Defendants argue that the bylaws provide for the qualifications of a board member, and state: “The Board of Directors shall be composed of three (3) persons, all of whom shall be Unit Owners or spouses of Unit Owners ...” Further, the association’s declarations (Article 1(B)(2)) define a person as “[a]ny natural individual, firm, corporation, partnership, association, trust *189 or other legal entity capable of holding title to immovable property.”
It is clear from a plain reading of the original bylaws of the association and the declarations that a limited liability company, which is an entity capable of holding title to immovable property, is a voting member of the association. Therefore, Michael George, as the legal representative of George Properties, LLC, can be elected as an officer of the association.
In their second assignment of error, plaintiffs argue that the trial court erred in finding that the amendments to the association’s bylaws were legally and properly amended at a December 9, 2013 meeting, and that the bylaws, as amended, were effective as of the date they were filed in the conveyance records of Orleans Parish. We find that the trial court erred in its ruling.
In support of its Motion for Summary Judgment, the association attached numerous exhibits, including a document signed by a unit owner purportedly authorizing board members to vote in his stead at the December 9, 2013 meeting. The document is entitled “Proposed Revisions, Amendments and Additions to By-17Laws/Declaration/Articles of Harbor Homeowners Association Dated December, 2012.” The document sets forth eighteen items designed to amend, revise, and add various paragraphs to the existing bylaws. The document is signed by the unit owner and dated February 7, 2013.
The Statement of Undisputed Material Facts attached to the Motion for Summary Judgment sets forth that the bylaws of the association provide that unit owners’ votes may be cast by proxy ballot. Also, the association asserts that it is undisputed that the meeting was properly noticed by a mailing of November 27, 2013, notifying unit owners of the meeting on December 9, 2013. Last, the association lists as an undisputed fact that on December 9, 2013, the unit owners passed all the proposed amendments (except for two) by a super-majority vote, and the amended bylaws and declaration were thereafter filed in the conveyance records of Orleans Parish.
We disagree, and find that there remains in dispute a genuine issue of material fact as to the validity of the vote and subsequent amendment to the association’s bylaws.
The original bylaws of the association state in regard to proxy ballots:
Section 2.10 Proxies. A vote may be cast in person or by proxy. Such proxy may be granted by any Unit Owner in favor of only another Unit Owner, a Mortgagee or the Declarant. Proxies shall be duly executed in writing, shall be valid only for the particular meeting designated therein and must be filed with the Secretary before the appointed time of the meeting. Such proxy shall be deemed revoked only upon actual receipt by the person presiding over the meeting of notice of revocation from any of the persons owning such Unit. Except with respect to proxies in favor of a Mortgagee, no proxy shall in any event be valid for a period in excess of one hundred and eighty (180) days after the execution thereof.
|sThe document submitted by the association that purports to be a proxy is defective in two ways. First, there is no meeting date set forth; and, second, there is no language assigning the unit owner’s vote to another person.
The association argues that Section 2.10 of the bylaws does not require the proxy to designate the meeting on the face of the ballot. We disagree. The text clearly states that the proxy “shall be valid only for the particular meeting designated therein.” The alleged proxy does not contain a meet *190 ing date on its face, or . anywhere else in the document.
The association also argues that the ballots were validly granted in favor of a Board member by each unit owner. We have carefully reviewed, the purported proxy ballot and can find no language which would effectively transfer a unit owner’s vote to any other unit owner, a mortgagee or the declarant, as required in the current bylaws. The only instructional language contained in the ballot is as follows:
The following ballot options represent proposed revisions, amendments and additions to the By-laws, Declarations and/or Articles of Harbor Homeowner Association, Inc. For each of the proposed revisions, amendments and additions, an affirmative vote of 80% of the homeowners is required. Signed ballots are intended to be collected by February 8, 2013, or at least until some or all of the amendments pass. It is very important to return your ballot by February 8, 2013,- in order to prepare the operating budget for 2013. Thank you in advance for your time and consideration to this matter.
These ballots'are what the association argues constitute valid proxies used to tabulate the votes at the December 9, 2013 meeting. The written ballots do not qualify as a proxy pursuant to the association’s existing bylaws.
| ¡^Accordingly, we find that summary judgment was inappropriate as there remains a genuine issue of material fact as to whether legal votes were cast to amend the association’s bylaws.
Answer to Appeal
Defendants have answered the appeal seeking to reverse and modify the award of attorney fees and costs awarded to plaintiffs on November 19,2016, relative to plaintiffs’ writ of mandamus. Plaintiffs have also raised as an issue for review the amount of attorney fees and costs awarded. We find that defendants and- plaintiffs have forfeited their rights to appeal this issue, as their requests are not timely.
It is well-settled that an appeal of a writ of mandamus is a final, appealable judgment. Constr. Diva, L.L.C. v. New Orleans Aviation Bd., 16-0566 (La.App. 4 Cir. 12/14/16), 206 So.3d 1029, 1032, writ denied, 17-0083 (La. 2/24/17), 216 So.3d 59, 2017 WL 944282; ANR Pipeline Co. v. Louisiana Tax Comm’n, 01-2594 (La.App. 1 Cir. 3/20/02), 815 So.2d 178, 186, n. 5; Authement v. Larpenter, 97-1985 (La.App. 1 Cir. 5/15/98), 713 So.2d 718, 719, n. 3; see Revere v. Kelley, 26,073, p. 2 (La.App. 2 Cir. 9/21/94), 643 So.2d 255, 256.
As neither party timely appealed the ruling of November 19, 2015, we deny relief on this issue. .
For the foregoing reasons, we affirm the trial court’s award of attorney fees and costs, affirm the trial court’s finding that Michael George can vote as a unit owner and serve on the board of the association, and reverse the trial court’s finding that the association’s bylaws were properly amended and effective as of ImDecember 23, 2013. This matter is remanded for further proceedings in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED

. David Wells is not named in the amended petition.

. The opposition and exhibits were proffered.