JiBYRNES, Judge.
Plaintiffs filed a petition for damages against the defendants, Columbia/HCA Healthcare Corporation (“Columbia”) and University Healthcare System, d/b/a Tulane University Hospital and Clinic (Tulane), alleging that the defendants committed malpractice while rendering healthcare services to Gary Caruso.
The trial court ruled in favor of both defendants on exceptions of prematurity, ruling that:
[B]oth [Tulane] and [Columbia], to the extent that it has an ownership interest in [Tulane], are entitled to the protections and privileges provided for in the Louisiana Medical Malpractice Act, and accordingly the claims of plaintiffs against defendants are premature.
The plaintiffs appealed. We affirm.
Defendants filed the exceptions of prematurity alleging that they are qualified healthcare providers, and that plaintiffs are not entitled to bring this suit until they first submit their claims to a medical review panel, which they did not do. The plaintiffs do not contest the fact that Tulane is a qualified health care provider entitled to the protections and privileges of the Louisiana Medical Malpractice Act, i.e., the plaintiffs do not assert as error the granting of the exception of ^prematurity in favor of Tulane. Likewise the plaintiffs do not contest the fact that Columbia owns Tulane. Columbia has not qualified as a healthcare provider and has not paid a surcharge as is required of healthcare providers independent of Tulane. Columbia relies solely on the fact that it owns Tulane and that Tulane is a qualified healthcare provider under the act and has paid the required surcharge. The gist of Columbia’s argument is that LSA-R.S. 40:1299.42 E(2) and LSA-R.S. 40:1299.45 A(2) mean that the corporate owner of a qualified healthcare provider is also treated as a qualified healthcare provider. We agree. These two statutory provisions indicate a legislative' intent not to require multiple qualifications and surcharges where common ownership is present. We are guided in this effort at statutory construction by the Supreme Court’s recent discussion in Ruiz v. Oniate, 97-2412 (La.5/19/98), 713 So.2d 442.[1]
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Plaintiffs at the outset of their argument in brief state that:
Plaintiffs would be remiss in their duty to this Court if it did not mention that the Honorable Michael Bagneris denied a similar Motion for Columbia/HCA and that Columbia/HCA’s writ was erroneously granted by Judges Ciaccio, Barry and Schott of this Court. Hill v. Columbia/HCA Healthcare Corp., 98-C-0306 (La.App. 4th Cir., 3/24/98). That case is being appealed to the Supreme Court.
The unfavorable opinion of this Court referred to by plaintiffs is unpublished. Since the time that the plaintiffs submitted the above quoted statement in their brief, the Supreme Court denied writs. 98-CC-1092 (La.6/5/98). The Supreme Court having denied writs in Hill based on facts virtually identical to those of the instant case, there is no reason to believe that the Supreme Court would act any differently in the instant case if presented with a writ application arising out of this opinion.