I ¡.GUIDRY, J.
Appellants, Columbia/HCA Healthcare Corporation (Columbia) and Columbia/HCA Healthcare Corporation of Central Louisiana, Inc. (Columbia Central), appeal the trial court’s denial of their exception of prematurity. We reverse.
FACTS AND PROCEDURAL HISTORY
On February 10, 1997, appellees, Rachel and Jason Miller, filed a medical malpractice claim with the Louisiana Patient’s Compensation Fund, naming as defendants Columbia/Lakeview Regional Medical Center (the hospital) and Dr. Mark A. Portac-ci. On September 8, 1997, appellees filed a petition for damages against Columbia, alleging liability on the part of Columbia individually, for its own actions, and vicariously for the actions of the hospital and hospital staff.
On October 16, 1997, Columbia filed exceptions of prematurity and insufficiency of service of process.[1] On October 28, 1997, appellees amended the petition to add Columbia Central as a defendant. Columbia Central filed an exception of prematurity on December 19, 1997. The exceptions of prematurity, which were heard *999 on February 11, 1998, were denied by the trial court.
From this denial, appellants applied to this court for supervisory writs. The writ application was denied on the grounds that the judgment was appealable. This court then remanded the case to the trial court with instructions to grant an appeal. Miller v. Columbia Healthcare Corporation, et al, 98-CW-0643 (La.App. 1st Cir.4/29/98).
I-ASSIGNMENT OF ERROR
On appeal, appellants assert the following assignment of error: the trial court committed reversible error in denying Columbia and Columbia Central’s exceptions of prematurity by finding that, as a matter of law, the corporate owners of a qualified hospital cannot qualify under the Louisiana Medical Malpractice Act.
DISCUSSION
La. C.C.P. art. 926 sets forth the objections which may be raised through the dilatory exception and includes prematurity. Prematurity contemplates that the action taken by the petitioner occurs prior to some procedure or assigned time. It is usually utilized in cases wherein the law has provided a procedure for one aggrieved to seek relief before resorting to judicial action. Jones v. Crow, 633 So.2d 247, 249 (La.App. 1st Cir.1993).
The question of whether La. R.S. 40:1299.42(E)(2)[2] and La. R.S. 40:1299.45(A)(2)[3] mean that the corporate owner of a qualified healthcare ^provider is also treated as a qualified healthcare provider without the necessity of qualifying independently and paying the surcharge is a legal question. Accordingly, this court’s review is limited to issues of law. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97-2119, p. 5 (La.App. 1st Cir.11/6/98), 722 So.2d 317, 321, writ denied, 98-2995 (La.12/9/98), 729 So.2d 583.
If the trial court’s decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court’s decision is not entitled to deference by the reviewing court. In fact, when an appellate court finds that a reversible error of law or manifest error of material fact was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits.
Scobee v. Brame, 98-564, p. 4 (La.App. 3rd Cir.10/28/98), 721 So.2d 977, 979, unit denied, 98-2952 (La.1/29/99), 736 So.2d 833 (citations omitted) (quoting Ducote v. City of Alexandria, 95-1269, p. 2 (La.App. 3rd Cir.7/17/96), 677 So.2d 1118, 1120); Echo, Inc. v. Power Equipment Distributors, Inc., 96-1771, pp. 5-6 (La.App. 1st Cir.8/7/98), 719 So.2d 79, 85, writ denied, 98-2392 (La.11/20/98), 729 So.2d 555; Chaisson v. Oceanside Seafood, 97-2756, p. 3 (La.App. 1st Cir.6/29/98), 713 So.2d 1286, 1288.
*1000 Our brethren of the Fourth Circuit addressed the question presented in this case in Caruso v. Columbia/HCA Healthcare Corporation, 98-0449 (La.App. 4th Cir.11/25/98), 724 So.2d 274. The plaintiffs in Caruso filed suit against University-Healthcare System, d/b/a Tulane University Hospital and Clinic and its corporate owner, Columbia/HCA Healthcare Corporation. Both defendants filed an exception of prematurity, which the trial court | sgranted. Plaintiffs appealed. Affirming the trial court, the Fourth Circuit articulated its analysis of the case as follows:
Defendants filed the exceptions of prematurity alleging that they are qualified healthcare providers, and that plaintiffs are not entitled to bring this suit until they first submit their claims to a medical review panel, which they did not do. The plaintiffs do not contest the fact that Tulane is a qualified health care provider entitled to the protections and privileges of the Louisiana Medical Malpractice Act, i.e., the plaintiffs do not assert as error the granting of the exception of prematurity in favor of Tulane. Likewise the plaintiffs do not contest the fact that Columbia owns Tulane. Columbia has not qualified as a healthcare provider and has not paid a surcharge as is required of healthcare providers independent of Tulane. Columbia relies solely on the fact that it owns Tulane and that Tulane is a qualified healthcare provider under the act and has paid the required surcharge. The gist of Columbia’s argument is that LSA-R.S. 40:1299.42 E(2) and LSA-R.S. 40:1299.45 A(2) mean that the corporate owner of a qualified healthcare provider is also treated as a qualified healthcare provider. We agree. These two statutory provisions indicate a legislative intent not to require multiple qualifications and surcharges where common ownership is present. We are guided in this effort at statutory construction by the Supreme Court’s recent discussion in Ruiz v. Oniate, 97-2412 (La.5/19/98), 713 So.2d 442.
Caruso, 98-0449 at 1-2, 724 So.2d at 275 (footnote omitted).
The facts in Caruso are virtually identical to the facts in the present case. Appel-lees do not contest the qualified health care provider status of the hospital, nor do they contest the fact that Columbia owns the hospital. Consequently, because we believe that Caruso is based on sound reasoning, we adopt the reasoning of the Fourth Circuit and reverse the trial court’s denial of appellants’ exceptions of prematurity.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are assessed to appellees.
REVERSED.

. The exception of insufficiency of service of process was withdrawn by order signed February 9, 1998.

. La. R.S. 40:1299.42(E)(2) provides:
For the purposes of this Subsection, any group of self-insured health care providers organized to and actually practicing together or otherwise related by ownership, whether as a partnership, professional corporation or otherwise, shall be deemed a single health care provider and shall not be required to post more than one deposit. In the event any portion of the deposit of such a group is seized pursuant to judicial process, such group shall have five days to deposit with the board the amounts so seized. The group’s failure to timely post said amounts with the board will terminate its enrollment and the enrollment of its members in the Patient’s Compensation Fund.

. La. R.S. 40:1299.45(A)(2) provides:
When, and during the period that each shareholder, partner, member, agent, officer, or employee of a corporation, partnership, limited liability partnership, or limited liability company, who is eligible for qualification as a health care provider under this Part, and who is providing health care on behalf of such corporation, partnership, or limited liability company, is qualified as a health care provider under the provisions of R.S. 40:1299.42(A), such corporation, partnership, limited liability partnership, or limited liability company shall, without the payment of an additional surcharge, be deemed concurrently qualified and enrolled as a health care provider under this Part.