927 So.2d 1126 (2005)
Robin BUELLE and Kenneth S. Smith
v.
Thomas PERIOU, M.D. and Fireman's Fund Insurance Company.
No. 2004 CA 2733.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
Writ Denied April 24, 2006.
*1127 Irvy E. Cossé, III, New Orleans, Counsel for Plaintiffs/Appellees Robin Buelle and Kenneth S. Smith.
Deborah Deo Gracias Trahan, Jacques F. Bezou, Covington, Counsel for Defendant/Appellant Thomas Periou, M.D.
C. Michael Pfister, Monica E. Gant, Metairie, Counsel for Defendant/Appellant Fireman's Fund Insurance Company.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
Defendants appeal a trial court judgment overruling their dilatory exception raising the objection of prematurity. The trial court concluded that the plaintiff was not required to submit her claim to a medical review panel pursuant to the Louisiana Medical Malpractice Act ("MMA"), La. R.S. 40:1299.41 et seq. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL HISTORY
On June 17, 2004, plaintiff, Robin Buelle, filed suit against Thomas Periou, M.D., *1128 and his homeowner's insurer, Fireman's Fund Insurance Company.[1] Plaintiff's petition contained the following pertinent allegations:
On or about October 5, 2003, Robin Buelle, petitioner herein, was outside of the place of her employment at Slidell Memorial Hospital on a smoke break and not at any pertinent time mentioned herein, in the course and scope of her employment.
During said break, defendant, Thomas Periou, M.D., an anesthesiologist, approached petitioner, whereupon defendant attempted to manipulate petitioner's sacroiliac joint, despite having no training or expertise to do so.
As a result thereof, petitioner sustained severe and disabling personal injuries including, but not limited to: Extra abdominal fibromatosis, in addition to other spinal injuries.
Petitioner avers that although the actions of defendant were intentional, the consequences that resulted therefrom were not and could not have been intended.
* * *
Petitioner avers that defendant, Thomas Periou, M.D., was negligent in the following, non-exclusive respects, to-wit:
A. Attempting to perform a medical adjustment and/or procedure for which he was not trained;
B. Acting in a careless manner; and
C. Any and all other acts of negligence which may be proven at the trial of this matter.
Petitioner avers that at the time of the accident in question, defendant had no training in the manipulation of the sacroiliac joint.
Petitioner avers that at the time of the accident in question she had not and did not pay any sums of money or anything of value to defendant in order for him to perform said adjustment that would establish any professional relationship.
Petitioner avers that at the time of the accident it was not her desire that defendant perform said adjustment and/or procedure on her person.
In response to plaintiff's petition, both defendants filed dilatory exceptions raising the objection of prematurity, alleging that the plaintiff's claims fell within the purview of the MMA and therefore must be submitted to a medical review panel before suit could be filed. In conjunction with his dilatory exception, Dr. Periou submitted a copy of his certificate of enrollment demonstrating his status as a qualified health care provider under the MMA. Conversely, Ms. Buelle argued that her claim did not constitute "malpractice" under the MMA, because she was neither Dr. Periou's "patient" nor were his actions "health care" as those terms are defined in La. R.S. 40:1299.41.
A trial on the exceptions was held on September 20, 2004. Following argument by counsel, the trial court overruled the exceptions. Judgment was signed accordingly on September 28, 2004. From this judgment, defendants appeal.[2]

*1129 DISCUSSION

I. Motion to Strike
As a preliminary matter, we must address a motion to strike that was subsequently filed by Dr. Periou. He complains that the plaintiff has improperly submitted new evidence to this court by appending an affidavit to her appellate brief that was not presented during the underlying proceedings. Indeed, the affidavit postdates the trial court's ruling. As an appellate court, we are required to render our judgment upon the record on appeal. La. C.C.P. art. 2164. We cannot review evidence that is not in the record, nor can we receive new evidence. Our Lady of the Lake Hospital v. Vanner, 95-0754, p. 4 (La.App. 1st Cir.12/15/95), 669 So.2d 463, 465, cert denied, 525 U.S. 818, 119 S.Ct. 57, 142 L.Ed.2d 45 (1998). Accordingly, Dr. Periou's motion is granted, and the affidavit and all references thereto are hereby stricken. Having so ruled, we now proceed to the substantive issues raised in this appeal.

II. Prematurity and the MMA
Louisiana Code of Civil Procedure article 926 provides that an objection of prematurity may be raised through the dilatory exception. The exception raising the objection of prematurity is generally utilized in cases where the law has provided a procedure for a claimant to seek administrative relief before resorting to judicial action. Miller v. Columbia/HCA Healthcare Corp., 98-1874, p. 3 (La.App. 1st Cir.9/24/99), 754 So.2d 998, 999. The MMA provides such a procedure in that it requires all medical malpractice claims against qualified health care providers to be submitted to a medical review panel prior to filing suit in any court. La. R.S. 40:1299.47(B)(1)(a)(i); Bennett v. Krupkin, XXXX-XXXX, p. 6 (La.App. 1st Cir.3/28/02), 814 So.2d 681, 685, writ denied, XXXX-XXXX (La.6/21/02), 819 So.2d 338. It is undisputed that Dr. Periou is a qualified health care provider under the MMA. Accordingly, the only issue to be determined by this court is whether the plaintiff's claim is one of medical malpractice.
The burden of proving prematurity is on the exceptor; therefore, the defendants must establish that plaintiff has asserted a medical malpractice claim that must first be submitted to a medical review panel. Williamson v. Hospital Service District No. 1 of Jefferson, XXXX-XXXX, p. 4 (La.12/1/04), 888 So.2d 782, 785. According to La. C.C.P. art. 930, evidence may be introduced at the trial of the exception either to support or controvert the objection of prematurity, when the grounds thereof do not appear from the petition.
The only evidence submitted in support of the exception was a copy of the certificate of enrollment establishing Dr. Periou's status as a qualified health care provider. No evidence was submitted by Ms. Buelle to controvert the exception. During the trial, counsel for Ms. Buelle offered to have her testify; however, this never occurred. Rather, the trial ultimately consisted of plaintiff's counsel and defendants' counsel arguing two very different factual scenarios relevant to the classification of Ms. Buelle's claim. Clearly, argument by counsel does not constitute evidence. Roberts v. Owens-Corning Fiberglas Corp., XXXX-XXXX, p. 13 (La.App. 1st Cir.4/2/04), 878 So.2d 631, 643, writ denied, XXXX-XXXX (La.12/17/04), 888 So.2d 863. Accordingly, we must examine the *1130 allegations in plaintiff's petition and ascertain whether these allegations establish a claim of medical malpractice under the MMA.
"Malpractice" is defined by La. R.S. 40:1299.41 A(8) as follows:
"Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in the training or supervision of health care providers...
Therefore, in order for a plaintiff's claim to be considered a malpractice action under the MMA, it must be an unintentional tort or contract claim predicated on health care or professional services rendered by a health care provider to a patient. Delcambre v. Blood Systems, Inc., XXXX-XXXX, p. 6 (La.1/19/05), 893 So.2d 23, 27. Defendants contend that this clearly describes the claim asserted herein. However, Ms. Buelle urges that her claim does not satisfy the foregoing definition because it does not entail: (1) an unintentional tort; (2) involving health care services; (3) rendered to a patient.
We note that Ms. Buelle's allegation that she did not "desire" the "adjustment and/or procedure" from Dr. Periou, and her assertion that his actions therefore constituted the intentional tort of battery, do not necessarily render her claim exempt from the provisions of the MMA. In Lugenbuhl v. Dowling, 96-1575, p. 9 (La.10/10/97), 701 So.2d 447, 453, our supreme court specifically rejected battery-based liability in lack of informed consent and no-consent cases in favor of liability based on the breach of a doctor's duty to provide a patient with material information concerning the medical procedure. Nevertheless, the plain language of this holding, as well as the definitions of "malpractice" and "health care" set forth in La. R.S. 40:1299.41 A (8) and (9), still require a finding that Ms. Buelle's status be that of a "patient."
Ms. Buelle maintains that her lack of "desire that [Dr. Periou] perform [the] adjustment and/or procedure on her person," as well as her allegation that she did not pay or give anything of value to Dr. Periou in order for him to perform the adjustment, demonstrates that she was not his "patient". The MMA defines the term "Patient" as follows:
"Patient" means a natural person, including a nursing home resident, who receives or should have received health care from a licensed health care provider, under contract, expressed or implied.
La. R.S. 40:1299.41 A(3).
While Ms. Buelle's allegation that she did not pay for Dr. Periou's services is relevant in determining whether a contract existed, we realize that it is not dispositive. Our civil code provides that a contract may be unilateral or gratuitous. La. C.C. arts. 1907 and 1910. Moreover, her allegation that she did not "desire" the adjustment does not, in and of itself, exclude a finding that she was a patient, particularly in light of the Lugenbuhl decision. Nevertheless, we note that it was not Ms. Buelle's burden to prove that she was not a patient; rather, it was defendants' burden to prove that she was. There are no specific facts in Ms. Buelle's petition to indicate that she entered into a contract with Dr. Periou, either express or implied. Rather, her allegations that she did not want the procedure and that she did not pay for the procedure so as to establish a professional relationship with Dr. Periou tend to indicate otherwise. Accordingly, *1131 it was incumbent upon the defendants to introduce evidence establishing the existence of a contract. This they failed to do.
Therefore, based on the face of the petition and the lack of any evidence to the contrary, we conclude that defendants are not entitled to a medical review panel because they failed to prove that Ms. Buelle was a "patient" of Dr. Periou so as to satisfy the MMA's definition of "malpractice." Our conclusion is buttressed by policy that dictates strict construction of the MMA against coverage because it is special legislation in derogation of the general rights of tort victims. Delcambre, XXXX-XXXX at p. 13, 893 So.2d at 31.
Because we have concluded that Ms. Buelle was not a "patient" of Dr. Periou, it is unnecessary to apply the six factors set forth in Coleman v. Deno, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX, pp. 17-18 (La.1/25/02), 813 So.2d 303, 315-16, for determining whether allegations of injury constitute "malpractice" under the MMA. Delcambre, XXXX-XXXX at p. 13, 893 So.2d at 31.

DECREE
For the foregoing reasons, Dr. Thomas Periou's motion to strike is granted. Additionally, the judgment of the trial court overruling the defendants' dilatory exceptions raising the objection of prematurity is hereby affirmed. Costs of this appeal are to be borne equally by defendants, Thomas Periou, M.D., and Fireman's Fund Insurance Company.
MOTION GRANTED; JUDGMENT AFFIRMED.
NOTES
[1] In Ms. Buelle's petition, Kenneth S. Smith also joins as a plaintiff and asserts a claim for loss of consortium. There is no indication within the petition whether Mr. Smith has the requisite relationship to assert such a claim. See La. C.C. arts. 2315 and 2315.2. However, the merits of Mr. Smith's claim are not before this court. Therefore, for the sake of clarity and because his claim is merely derivative, all references to "plaintiff" within this opinion refer solely to Robin Buelle.
[2] In brief, Ms. Buelle maintains that this court does not have jurisdiction to entertain this appeal. We disagree. A judgment overruling a dilatory exception of prematurity and requiring a health care provider to forgo the benefit of a medical review panel is considered appealable in that the panel proceedings cannot be adequately replicated after reversal on appeal. McKnight v. D & W Health Services, Inc., 2002-2552, p. 3 (La.App. 1st Cir.11/7/03), 873 So.2d 18, 21.