CARTER, C.J.
l2C. Raymond Fernandez (Fernandez) appeals three trial court judgments awarding a total of $283,027.39 to Thomas L. Badeaux (Badeaux) as reimbursement for Badeaux’s legal expenses and losses connected with the defense of his actions and his status as agent/mandatary for his aunt Viola Mary Tabor Badeaux (the decedent).[1] Badeaux also appealed, challenging *351 that portion of the trial court’s judgments that denied Badeaux’s claim for legal interest. Additionally, Badeaux challenges the trial court’s denial of an additional $14,713.32 claim for the legal expense he necessarily incurred while pursuing his reimbursement claims. For the following reasons, we affirm in part and reverse in part.
BACKGROUND
This appeal is limited to a review of the trial court’s award to Badeaux for his legal expense reimbursement and the denial of legal interest on that award. A detailed history of the decedent’s succession and the complicated factual and procedural background of the underlying litigation can be found in this court’s previous opinions: Fernandez v. Hebert, 06-1558 (La.App. 1 Cir. 5/4/07), 961 So.2d 404, writ denied, 07-1123 (La.9/21/07), 964 So.2d 333; Fernandez v. Hebert, 06-1416 (La.App. 1 Cir. 5/4/07), 956 So.2d 850 (unpublished); Fernandez v. Hebert, 06-2401 (La.App. 1 Cir. 5/4/07), 956 So.2d 850 (unpublished), writ denied, 07-1190 (La.9/21/07), 964 So.2d 336; |3and Fernandez v. Herbert, 07-0883 (LaApp. 1 Cir. 6/8/07), 958 So.2d 1218 (unpublished), writ denied, 07-1259 (La.9/21/07), 964 So.2d 343. In those opinions, we upheld the validity of the decedent’s inter vivos donations, sale of stocks, annuity purchases, and investments made by her nephew, Badeaux, acting pursuant to a verbal mandate given by the decedent. The decisions upholding the validity of the mandate are now final.
The matter of reimbursement for legal expenses at issue in this appeal occurred when Badeaux submitted a series of three claims to the decedent’s succession executor, Monsignor Frederick T. Brunet (the executor). Badeaux’s claims sought reimbursement from the decedent’s succession for a total of $297,740.71 in legal expenses and costs that Badeaux had allegedly incurred in the course of successfully defending the underlying lawsuit regarding the validity of the decedent’s mandate and Badeaux’s actions as mandatary, citing as authority LSA-C.C. arts. 3012 and 3013. Badeaux’s claim also included a request for legal interest on the reimbursement award, under the authority of LSA-C.C. art. 3014. Taking a neutral position on the reimbursement request, the executor filed separate rules to show cause seeking the trial court’s guidance as to why the large reimbursement claims should not be paid.[2] Fernandez opposed payment of the claim on the grounds that: (1) the claim amounted to a request for attorney’s fees, which are not available in Louisiana unless specifically provided for in a contract or by statute; and (2) the decedent’s mandate 1 ¿ended at her death, which had obviously preceded Badeaux’s claims for mandatary reimbursement expenses.
After several hearings, the trial court issued a series of judgments finding that Badeaux’s claims, totaling $283,027.39, for reimbursement of legal fees and costs he had incurred as mandate were “fully and properly substantiated, lawful and valid claims, reasonable in amount, but no legal *352 interest shall accrue or be paid thereon.”[3] However, the trial court denied Badeaux’s request for legal interest on the reimbursement award. The trial court also denied Badeaux’s additional reimbursement claim for another $14,713.32 that he had allegedly incurred for legal expenses and costs connected with the pursuit of his reimbursement claims, finding that claim was not “lawful and valid.” Fernandez timely filed a suspensive appeal from the trial court’s judgments, contending that the trial court erroneously approved and authorized payment of Badeaux’s reimbursement claims by the executor of the decedent’s succession. Badeaux also sus-pensively appealed from the trial court’s judgments, maintaining that the trial court erred in denying legal interest on the reimbursement award and in denying the extra $14,713.32 claim for legal expenses he has incurred while pursuing his reimbursement claims.
|,.DISCUSSION

Motions

As a preliminary matter, we must address two motions filed by Badeaux in this court. Badeaux filed a motion to strike sections of Fernandez’s appellate brief and a motion for sanctions under LSA-C.C.P. art. 863. Action on these motions was referred to the merits of this appeal. Badeaux asserts that Fernandez’s brief includes references to highly improper and extraneous testimony and discovery responses that are not evidence in the record on appeal. Badeaux also contends that the improper references are an inappropriate attempt to re-litigate the underlying issues involving the validity of the decedent’s mandate and Badeaux’s actions made pursuant to the mandate. For these reasons, Badeaux argues that the references should be stricken from Fernandez’s brief and Fernandez should be sanctioned under article 863.
A review of the Fernandez brief discloses a zealous argument by counsel with several references to testimony and facts purportedly supported and contained in the records of the underlying litigation. We note that all of the exhibits attached to the Fernandez brief are in the record before us. An appellate court must render its judgment upon the record on appeal. LSA-C.C.P. art. 2164. We cannot review evidence that is not in the record, nor can we receive new evidence. Buelle v. Period 04-2733 (La.App. 1 Cir. 12/22/05), 927 So.2d 1126, 1129, writ denied, 06-0160 (La.4/24/06), 926 So.2d 542. However, the arguments of counsel contained in appellate briefs and references to facts and issues that are not currently before the court, are not considered record evidence. See Thomas v. Connolly, 31,447 (La.App. 2 Cir. 1/20/99), 726 So.2d 1052, 1054. This court has no authority to |ficonsider on appeal facts referred to in appellate briefs if those facts are not in the record on appeal. Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991); Chavers v. Bright Truck Leasing, 06-1011 (La.App. 3 Cir. 12/6/06), 945 So.2d 838, 841, writ denied, 07-0304 (La.4/5/07), 954 So.2d 141. Also, this court is precluded from taking judicial notice of a suit record from another court. Pinegar v. Hams, 06-2489 (La. App. 1 Cir. 5/4/07), 961 So.2d 1246, 1249; *353 Union Planters Bank v. Commercial Capital Holding Corp., 04-0871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130. The full records from the previous appeals were not introduced into evidence at any of the trial court hearings at issue. Consequently, to the extent that the Fernandez brief references testimony and facts that are not part of the appellate record before us, Badeaux’s motion to strike is granted.
Furthermore, we cannot address on appeal a request for LSA-C.C.P. art. 863 sanctions arising from a brief filed in the appellate court. ANR Pipeline Co. v. Louisiana Tax Com’n, 01-2594 (La.App. 1 Cir. 3/20/02), 815 So.2d 178, 183. The ability to impose sanctions under article 863 is limited to the trial court. An appellate court’s authority to regulate conduct before it is governed by LSA-C.C.P. art. 2164, which provides in pertinent part that “[t]he [appellate] court may award damages for frivolous appeal.” Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993); ANR Pipeline, 815 So.2d at 183. While Badeaux moved for article 863 sanctions in the trial court, Badeaux did not seek review of the trial court’s denial of the motion. Badeaux’s current motion for article 863 sanctions is based on the content of Fernandez’s appellate brief. Because we cannot address article 863 sanctions, we deny Badeaux’s motion. Moreover, damages for frivolous 17appeal are only allowed when it is obvious that the appeal was taken solely for delay or that counsel does not sincerely advocate the view advanced to the court. Hampton, 618 So.2d at 862; Cavin v. Harris Chevrolet, Inc., 95-1878 (La.App. 1 Cir. 5/10/96), 673 So.2d 654, 658. We do not find that Fernandez’s appeal unquestionably falls within either category of frivolous appeals. Having so ruled, we now proceed to the substantive issues raised in this appeal. Reimbursement of Mandatary’s Expenses and Costs
Badeaux’s reimbursement claim for legal expenses and costs that he incurred while necessarily defending the validity of the decedent’s mandate and his actions pursuant to the mandate, appears to present a res nova issue. Our research has not revealed any jurisprudence or controlling precedent whereby legal expenses have been awarded to a mandatary as reimbursement or compensation for a loss incurred as a result of the mandate.
Badeaux relies on the authority of the mandatary reimbursement and compensation for loss provisions found in LSA-C.C. arts. 3012 and 3013. Badeaux further points to LSA-C.C. art. 3014, which provides for interest to be paid on sums expended by the mandatary in performance of the mandate. Fernandez argues that the trial court erroneously approved and authorized payment of Ba-deaux’s legal expenses and costs, because neither LSA-C.C. arts. 3012 or 3013 expressly provide for a mandatary to be reimbursed or compensated for attorney’s fees. Fernandez points to the well-established general rule in Louisiana that attorney’s fees may not be awarded to a successful litigant unless specifically authorized by statute or contract. Sher v. Lafayette Ins. Co., 07-2441 (La.4/8/08), 988 So.2d 186, 201; Campbell |su Melton, 01-2578 (La.5/14/02), 817 So.2d 69, 80. Fernandez also maintains that Ba-deaux’s legal expenses and costs were not a result of the mandate since both the mandate and the authority of the mandatary terminated upon the death of the principal (the decedent), relying on LSA-C.C. art. 3024(1). Badeaux counters that his duties as mandatary did not cease when his aunt died because he was forced to defend the validity of the man *354 date and his actions as mandatary after his aunt’s death.
We first address Fernandez’s assertion that Badeaux’s obligations as man-datary terminated upon the death of the decedent. Louisiana Civil Code article 3030 provides that “[t]he mandatary is bound to complete an undertaking he had commenced at the time of the principal’s death if delay would cause injury.” (Emphasis added.) We find that Badeaux was bound to complete his mandatary duties after his aunt died because the validity of the mandate and the various donations, sales, purchases, and investments were at issue while the decedent’s succession was pending and before it could be closed. As the trial court explained in its oral reasons for judgment:
[Badeaux was put in the] position of agency [mandatary] and having to defend the actions that he took on behalf of the decedent. Because his duty was to make sure that her wishes were protected and he’s been doing that[,] and he’s been having to fight through every court that he’s been thrust into. And [the trial court doesn’t] think he would have incurred those [legal fees and costs] had he not been dragged to court. But he’s been successful in defending his actions and he had to get a lawyer to do it, several lawyers.
We agree with the trial court’s reasoning and find that Badeaux’s mandatary duty extended past the time of decedent’s death pursuant to his continuing obligation to ensure that the decedent’s wishes were protected. We recognize that LSA-C.C. art. 3024(1) supplies the general rule that the mandate and Badeaux’s authority as mandatary terminated at the death of|9the decedent. However, Badeaux was bound to complete the mandate by defending and protecting the decedent’s wishes after her death through successfully litigating the validity of the mandate and his actions as mandatary. LSA-C.C. art. 3030. Therefore, we find no merit to Fernandez’s argument in this regard.
Next, we examine Fernandez’s contention that Badeaux is requesting unauthorized attorney’s fees from the decedent’s succession. The decedent’s succession is now the “principal” in the mandate relationship due to the decedent’s death. Louisiana Civil Code article 3012 provides, in pertinent part: “[t]he principal is bound to reimburse the mandatary for the expenses and charges he has incurred and to pay him the remuneration to which he is entitled.” (Emphasis added.) Additionally, LSA-C.C. art. 3013 provides: “[t]he principal is bound to compensate the mandatary for loss the mandatary sustains as a result of the mandate, but not for loss caused by the fault of the mandatary.” (Emphasis added.) The lack of fault on the part of Badeaux as manda-tary was previously established in the long and involved underlying litigation. Therefore, the trial court was faced with the novel issue of deciding whether Badeaux’s claim for reimbursement of legal expenses and costs that arose out of his defense of the decedent’s mandate was to be considered as an action for attorney’s fees or as a claim for reimbursement of a mandatary’s expenses.
We agree that there is no contractual or statutory authorization for the award of attorney’s fees in this case. Neither of the cited civil code articles, LSA-C.C. arts. 3012 and 3013, explicitly authorizes an attorney’s fee award, nor do the articles exclude attorney’s fees from reimbursable expenses or losses. We find, however, that the absence of the words “attorney’s fees” or |1fl“defense costs” from articles 3012 and 3013 does not preclude Badeaux’s reimbursement claim for his legal expenses and costs under these circum *355 stances. This is not a case where Badeaux is seeking an attorney’s fee award as a successful litigant or as an executor of the succession for the executor’s benefit. Rather, Badeaux is seeking reimbursement of his expenses and compensation for his losses that he sustained as a result of performing his duties under the decedent’s valid mandate, and for being forced to defend his actions as mandatary. Ba-deaux’s legal expenses and the costs he incurred in defending the decedent’s mandate primarily benefited the decedent’s succession in that it allowed the decedent’s wishes to be fulfilled so that her estate planning remained intact and undisturbed. Therefore, while Badeaux’s mandatary expenses and losses in this case were certainly all linked to legal fees and costs, we find this reimbursement claim to be separate and distinct from an action for attorney’s fees. Thus, we agree with the trial court’s conclusion that LSA-C.C. arts. 3012 and 3013 provide authority for the decedent’s succession to pay a total of $283,027.39 for the mandatary reimbursement award to Badeaux.
We also conclude that the trial court correctly denied Badeaux’s additional reimbursement claim for an extra amount of $14,713.32 for the legal expenses he incurred while pursuing his reimbursement claims. We find that those additional legal expenses are not specifically linked to Badeaux’s obligations as man-datary or for the losses he sustained as a result of defending the mandate; but instead, are more akin to an action for an attorney’s fee award sought by a successful litigant. We are powerless to make such an award without specific statutory or contractual authority. Sher, 988 So.2d at 201; Campbell, 817 So.2d at 80. Therefore, we affirm | n those portions of the trial court’s judgments regarding the reimbursement awards in this situation.
Finally, we find merit to Ba-deaux’s assertion that the trial court erred when it denied his request for legal interest on the reimbursement claim. Louisiana Civil Code article 3014 specifically provides that: “[t]he principal owes interest from the date of the expenditure on sums expended by the mandatary in performance of the mandate.” (Emphasis added.) Because we hold that Badeaux’s legal expenses were necessarily expended by him in performance of the decedent’s mandate, the succession owes interest on the reimbursement award from the date of the expenditures as provided by statutory law. When legal interest is statutory, it should be strictly construed. See Smith v. Quarles Drilling Company, 04-0179 (La.10/29/04), 885 So.2d 562, 567. Accordingly, we hereby reverse those portions of the trial court’s judgments that erroneously denied legal interest on Badeaux’s reimbursement awards. Having so decided, we find it necessary to remand this matter to the trial court for a determination of the full amount of legal interest due to Ba-deaux, in accordance with this opinion.
CONCLUSION
For the outlined reasons, we grant Thomas L. Badeaux’s motion to strike, but deny his motion for sanctions. The judgments of the trial court awarding a total reimbursement from the decedent’s succession in the amount of $283,027.39 to Thomas L. Badeaux as mandatary are affirmed. That portion of each of the trial court’s judgments denying legal interest on the reimbursement awards is reversed, and interest is hereby awarded on the reimbursement award from the date that the expenditures occurred. | ^Additionally, we remand this case to the trial court for the limited purpose of accepting any evidence necessary to determine the full amount of legal interest due to Thomas L. *356 Badeaux from the decedent’s succession. The trial court’s judgments are affirmed in all other respects. The costs of this appeal are assessed to C. Raymond Fernandez.
MOTION TO STRIKE GRANTED; MOTION FOR SANCTIONS DENIED; TRIAL COURT JUDGMENTS DATED JULY 10, 2007, JULY 24, 2007, AND JANUARY 25, 2008, AFFIRMED IN PART AND REVERSED IN PART; AND REMANDED.
DOWNING, J., concurs.
GUIDRY, J., dissents and assigns reasons.
HUGHES, J., concurs with reasons.
McDONALD, J., dissents and assigns reasons.

. Fernandez is the son of Teresa Mae Ba-deaux Fernandez, who is the residuary lega *351 tee named in the will executed by the decedent. The underlying litigation was instituted by Teresa Mae Badeaux Fernandez, but after her death Fernandez, the testamentary executor of her succession, was substituted as plaintiff.
The trial court approved $283,027.39 of Ba-deaux's reimbursement claims to be paid by the decedent's succession through two separate interlocutory judgments on July 10, 2007, and July 24, 2007, and a final judgment ho-mologating a partial tableau of distribution on January 25, 2008.

. Fernandez also submitted a claim for legal fees, which was denied by the trial court and is not at issue in this appeal.

. The first judgment was signed on July 10, 2007, awarding reimbursement to Badeaux for a total of $261,877.39, representing Ba-deaux’s first two claims. The second judgment was signed on July 24, 2007, awarding reimbursement to Badeaux for an additional amount of $21,150.00, representing Ba-deaux's third claim. The third judgment was signed on January 25, 2008, authorizing and ordering the decedent’s succession executor to pay a total of $283,027.39 to Badeaux.for reimbursement of his legal fees and costs.